UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Jeremy Somnis,

       Plaintiff,   Civ. No. 11-324 (RHK/LIB)
               **ORDER**
v.

Country Mutual Insurance Company,

       Defendant.

---

  This matter is before the Court on Plaintiff Jeremy Somnis's Motion to Bifurcate (Doc. No. 33) and Motion in Limine (Doc. No. 37). For the reasons that follow, both Motions will be denied.

  This is a breach-of-contract action in which Somnis seeks to recover from his homeowners insurer, Defendant Country Mutual Insurance Company ("Country Mutual"), following a fire at his home. The case's factual and procedural background are set forth in greater detail in the Court's prior Order on Somnis's Motion to Exclude Expert Testimony. See Somnis v. Country Mut. Ins. Co., __ F. Supp. 2d __, 2012 WL 116815 (D. Minn. Jan. 3, 2012). Familiarity with that background is presumed.

  In the first of his two instant Motions, Somnis asks the Court to separate at trial evidence of motive (namely, his allegedly poor financial condition) from evidence showing an incendiary origin for the fire. He asserts that motive evidence is irrelevant to a determination of incendiarism and, accordingly, the jury should first determine whether the fire was intentional before it considers evidence showing Somnis had a reason to set it.

The second Motion hews closely to the first and seeks to preclude Country Mutual from offering evidence that Somnis had a financial motive to commit arson.  These Motions are unavailing.

"[S]eparation of issues for trial is not to be routinely ordered."  Fed. R. Civ. P. 42 advisory committee's note (1966).  Sometimes referred to as "bifurcation," separation of issues is appropriate only when judicial economy will be served by severing the jury's consideration of "clearly separable" issues.  E.g., O'Dell v. Hercules, Inc., 904 F.2d 1194, 1202 (8th Cir. 1990).  The Court does not believe that evidence the fire was incendiary is "clearly separable" from evidence of Somnis's (alleged) motive to set it.  As the Minnesota Supreme Court noted in its seminal arson/insurance case, Quast v. Prudential Property & Casualty Co., 267 N.W.2d 493, 495 (Minn. 1978), "motive and opportunity, together with evidence negating accidental cause," is sufficient to support a finding of arson – that is, a finding that (1) the fire was intentional and (2) it was set by the insured. Motive evidence, therefore, is part and parcel of Country Mutual's arson defense.  By precluding consideration of motive before a finding of incendiarism, Somnis seeks to compartmentalize the evidence in a way that would deprive the jury of receiving a fair presentation of the case.

The same is true of Somnis's Motion in Limine.  The jury should be permitted to consider *all* of the circumstantial evidence, including evidence that the fire was not accidental and that Somnis had a motive to set it, when determining who should prevail in this case.  As Somnis himself notes, there does not appear to be any reported case in which a court barred the presentation of motive evidence until after the determination was made

that a fire was incendiary. The Court perceives no reason to break such new ground here.[1]

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** that Somnis's Motion to Bifurcate (Doc. No. 33) and Motion in Limine (Doc. No. 37) are **DENIED**.

Dated: February 1, 2012                          s/Richard H. Kyle
                                                 RICHARD H. KYLE
                                                 United States District Judge

---

[1] Somnis points out that the standards employed by fire investigators have recently been revised to preclude consideration of motive evidence when determining a fire's cause. Yet, whether an *expert* may opine about a fire's cause is not the issue; the question is whether the jury can *infer* a fire was intentionally set by an insured based on (1) the absence of any identifiable accidental cause and (2) the insured's motive to set the fire. Under Quast, the answer to that question is, "Yes." 267 N.W.2d at 495 ("[A]rson [can] be proven through evidence tending to show motive and opportunity, together with evidence negating accidental causes.").